**STATE OF MONTANA,**
    **Plaintiff,**                             **No. 8003**

vs.                                                    **Decision**
**LUCY M. REDCROW,**
  **Defendant.**

On October 20, 1988, the defendant was sentenced to fifty (50) years in the Women's Correctional Facility at Warm Springs, Montana, with an additional ten (10) years for the use of a weapon during the commission of the offense, to run consecutively to each other.

On April 14, 2000, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by James Taylor. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that this sentence shall be amended to eighty (80) years in the Montana Women's Prison, with forty (40) years suspended, plus an additional ten (10) years for the use of a weapon during the commission of the underlying offense, to run consecutively to the underlying sentence.

Defendant is subject to the following conditions with respect to parole or probation:

1. The Defendant shall be under the supervision of the Adult Probation and Parole Bureau and subject to all of their rules and regulations.

2. The Defendant shall obtain and complete a chemical dependency evaluation at her own expense and follow through with any and all recommendations thereof, including treatment and after care if such is recommended.

3. The Defendant shall complete her GED and enter and complete vocational training.

4. The Defendant shall not possess or consume alcohol and/or illicit drugs unless prescribed by a licensed physician, and may not enter or frequent any establishment where intoxicants are the chief item of sale.

5. The Defendant shall·not associate with persons who engage in the consumption of alcohol and/or drugs.

6. The Defendant shall submit to random testing of her blood, breath, or other bodily fluids at the request of her supervising officer. The Defendant shall be tested at least once a month randomly for the first two years that she is in any community.

7. The Defendant shall be subject to search and seizure of her residence, person, and/or vehicle upon request of her probation officer at any time with or without a warrant, with or without probable cause.

8. The Defendant shall not own, possess, or be in control of any firearms or deadly weapons, including black powder, as defined by state or federal law.

9. The Defendant shall participate in chemical dependency treatment, aftercare, or a structured relapse prevention program throughout the entire term of this sentence. Attendance at AA/NA meetings at least 3 times per week with two sponsors, one whom has been sober at least 5 years, will satisfy this condition, as will participation in the Crossroads Recidivism Reduction Program. The Defendant shall provide her supervising officer with verification of attendance on a monthly basis.

10. Pursuant to Section 45-5-206(4), MCA, the Defendant shall pay for and complete a counseling assessment with a focus on violence, dangerousness, and chemical dependency. The Defendant must follow through with all recommendations made by the counseling provider. The counseling provider must be approved by Defendant's supervising officer. The counseling must include a counseling assessment and a minimum of 25 hours of counseling, in addition to the assessment. The counseling must be directed to the violent conduct of the Defendant. Other issues indicated by the assessment may be addressed in additional counseling beyond the minimum 25 hours.

11. The Defendant shall obtain and maintain full time employment, perform community service, or pursue further education, or a combination of any of those on a full time basis, and shall provide verification of those activities at each supervision meeting.

12. The Defendant shall perform 200 hours of community service on a monthly schedule adopted by her supervising officer and

shall pay the administrative and workers compensation fee associated with such service. This service shall be performed at the rate of at least 10 hours per month.

13. The Defendant shall enter and complete a PreRelease Program and an Intensive Supervision Program.

14. The Defendant shall have no contact with any relatives of the victim of this crime.

15. The Defendant shall be jointly and severally liable for payment of restitution for funeral expenses for the victim and any counseling obtained by family members as a result of this homicide, together with the 10% restitution fee which may not, under law, exceed $250.

16. The Defendant shall pay the mandatory $120 supervision fee for each year of supervision.

17. The Defendant shall pay the mandatory $20 surcharge as to each felony charge and $15 surcharge as to each misdemeanor charge for a total due of $20.

18. The Defendant shall pay the mandatory $10 surcharge as to each charge for victim witness programs, for a total due of $10.

19. The Defendant shall pay a $5 user surcharge as to each charge for Court information technology to the original Court of jurisdiction, for a total due of $5.

20. All monies required by this ordered to be paid shall be paid through the Clerk of the District Court, Missoula County Courthouse, Missoula, Montana, in monthly payments of no less than $50.

The reasons for the amended sentence are that this was a particularly vicious offense; the needs of this defendant make it very clear that she is going to need lifelong help in order to rehabilitate; and the safety of the community requires her long-term supervision. The Defendant appears to be someone who did not receive much help in her earlier years, and was, at the time of sentencing, deemed to be amenable to treatment. The Board believes that the 40 years of committed time on the deliberate homicide conviction will allow the Defendant time to earn a right to be paroled and if she is paroled, to have an immediate recommitment which will ensure the safety of the community. The Board also believes the viciousness of this crime, and the senselessness of it, justified the ten year weapons enhancement commitment.

Done in open Court this 14th day of April, 2000.

DATED this 4th day of May, 2000.

Chairman, Hon. Marge Johnson, Member, Hon. David Cybulski, Alt. Member, Hon. Robert Boyd.